**KAZEROUNI LAW GROUP, APC**
Ryan L. McBride, Esq. (SBN: 297557)
ryan@kazlg.com
Jonathan Gil (SBN: 347431)
jonathan@kazlg.com
2221 Camino del Rio South, Suite 101
San Diego, CA 92108
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

*Attorneys for Plaintiff,*
Matthew Rozanski

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **MATTHEW ROZANSKI,**<br><br>Plaintiff,<br><br>v.<br><br>**BETTER DEBT SOLUTIONS, LLC,**<br><br>Defendant. | Case No.:<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF**<br><br>**THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

KAZEROUNI LAW GROUP, APC

KAZEROUNI LAW GROUP, APC

## INTRODUCTION

1. Plaintiff Matthew Rozanski ("Plaintiff") brings this action challenging the unlawful actions of Better Debt Solutions, LLC ("Defendant"). Defendant negligently, knowingly and/or willfully placed unauthorized phone calls to Plaintiff on his cellular phone which is registered with the National Do-Not Call Registry ("DNC") and after he requested not to receive telemarketing calls from Defendant or on their behalf, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*., ("TCPA"), thereby invading Plaintiff's privacy.

2. Plaintiff seeks injunctive relief prohibiting such conduct in the future and monetary relief for his injuries caused by Defendant's unlawful conduct.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. Defendant placed numerous unauthorized telemarketing phone calls and prerecorded voice messages on Plaintiff's cellular telephone for the purpose of soliciting business from Plaintiff after Plaintiff requested Defendant to cease such calls, in violation of 47 U.S.C. § 227, *et seq*.

5. The TCPA was enacted to protect consumers from unsolicited and unwanted telephone calls exactly like those alleged in this case.

6. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of the named Defendant.

## THE TELEPHONE CONSUMER PROTECTION ACT

7. Congress enacted the Telephone Consumer Protection Act of 1991 "to address 'the proliferation of intrusive, nuisance calls' to consumers and businesses from telemarketers." *Facebook, Inc. v. Duguid*, 592 U.S. 395, 399 (2022) (citing § 2, ¶¶ 1, 6, 105 Stat. 2394).

8. Recognizing the rapid advancement of communication technology and its growing intrusion into everyday life, Congress sought to protect consumers from emerging forms of unsolicited and disruptive communications. See id. ("Advances in automated technology made it feasible for companies to execute large-scale telemarketing campaigns at a fraction of the prior cost, dramatically increasing customer contacts"); *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 370-71 (2012) ("Voluminous consumer complaints about abuses of telephone technology… prompted Congress to pass the TCPA").

9. As the TCPA's sponsor, Senator Hollings, remarked, such communications were "the scourge of modern civilization," and he hoped that consumers would be empowered with meaningful remedies. *Mims*, 565 U.S. at 384.

10. The Supreme Court has also emphasized the broad public consensus behind the TCPA's mission, noting that "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls." *Barr v. Am. Ass'n of Political Consultants*, 591 U.S. 610, 613 (2020).

11. In pursuit of its goals to "ban[] certain practices invasive of privacy," Congress "direct[ed] the Federal Communications Commission (FCC or Commission) to prescribe implementing regulations." *Mims*, 565 U.S. at 371. These implementing regulations—authorized under Section 227(c) of the TCPA—underscore "the need to protect residential telephone subscribers' privacy rights and to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

12. The relevant regulatory provisions are codified in 47 C.F.R. § 64.1200(c)-(d).

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this case arises out of violation of federal law, the TCPA.

14. Personal jurisdiction is established because Defendant maintains its



KAZEROUNI LAW GROUP, APC

principal place of business within this judicial district and is therefore subject to general jurisdiction.

15. Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391 because Defendant maintains its principal place of business within this judicial district and therefore "resides" within this district.

## PARTIES

16. Plaintiff is a natural person residing in the County of Howard, State of Maryland.

17. Defendant, is, and at all times mentioned herein was, a limited liability company organized under the laws of the State of California, with a principal place of business or headquarters located at 2525 Main Street, Suite 500, Irvine, CA 92614. Defendant conducts business in the State of California, and within this judicial district.

18. Defendant is a nationwide provider and marketer of debt consolidation services and commercial loans.

## FACTUAL ALLEGATIONS

19. Plaintiff, a resident of the County of Howard, State of Maryland, currently splits his time between the United States and Thailand.

20. At all times relevant, Defendant conducted business in the State of California.

21. At all relevant times, Plaintiff was assigned, and was the owner of, a cellular telephone number ending in 4711 ("Cell Phone"). Plaintiff is the sole user and/or subscriber of his Cell Phone.

22. Plaintiff registered his number, ending in 4711, with the National Do-Not-Call registry on August 9, 2025.

23. In or around January 2026, Defendant began placing numerous telemarketing calls and prerecorded voice messages to Plaintiff's Cell Phone from various phone numbers.

KAZEROUNI LAW GROUP, APC

24. Specifically, Defendant placed the first telemarketing call to Plaintiff's Cell Phone on or about January 17, 2026. After Plaintiff did not answer, Defendant left a prerecorded voice message marketing its commercial loans.

25. Two days later, on or about January 19, 2026, Defendant placed another telemarketing call to Plaintiff's Cell Phone. Once again, Defendant left a prerecorded voice message to market its commercial loans.

26. Over the remainder of January 2026, Defendant placed another eight (8) telemarketing calls using prerecorded voice messages to Plaintiff's Cell Phone. In its messages, Defendant continued to advertise lines of commercial credit.

27. In February 2026, Defendant placed another nine (9) telemarketing calls using prerecorded voice messages to Plaintiff's Cell Phone.

28. In March 2026, Defendant placed another twenty-three (23) telemarketing calls and prerecorded voice messages to Plaintiff's Cell Phone.

29. In April 2026, Defendant placed another thirteen (13) telemarketing calls using prerecorded voice messages to Plaintiff's Cell Phone.

30. In May 2026, Defendant placed one (1) telemarketing call with a prerecorded message to Plaintiff's Cell Phone.

31. In June 2026, Defendant placed another sixteen (16) telemarketing calls using prerecorded voice messages to Plaintiff's Cell Phone.

32. Throughout this roughly six-month period of incessant calls, Plaintiff expressly opted out of future communications from Defendant on multiple occasions.

33. Specifically, Plaintiff answered several of Defendant's calls and followed Defendant's automated opt out prompts. Following the prompts, Plaintiff expressly opted out by pressing "7" and "9" as instructed.

34. Despite Plaintiff's opt-outs, Defendant continued to place calls to his Cell Phone. Plaintiff then decided to answer more of Defendant's calls and follow the automated prompts to speak with a live representative. When Plaintiff was able



KAZEROUNI LAW GROUP, APC

to reach a representative, Plaintiff expressly requested that Defendant cease all further communications to his Cell Phone. After Plaintiff issued these requests, Defendant's representatives immediately terminated the call.

35. By making these requests, Plaintiff expressly revoked any alleged consent that Defendant may have relied upon to make such telemarketing calls.

36. In addition to Plaintiff's opt-out requests, he also reported Defendant's conduct in complaints to the Federal Trade Commission, Federal Communications Commission, Better Business Bureau, and Consumer Financial Protection Bureau.

37. Despite the extensive time and effort spent by Plaintiff to prevent further communications from Defendant, Defendant continued to place telemarketing calls and voice messages on his Cell Phone.

38. Frustrated by Defendant's failure to comply with his opt out requests, Plaintiff was forced to send Defendant a formal cease and desist letter on or about June 30, 2026.

39. Unfortunately, Defendant disregarded Plaintiff's cease and desist letter.

40. In July 2026, Defendant placed another nineteen (19) telemarketing calls using prerecorded voice messages to Plaintiff's Cell Phone.

41. In August 2026, Defendant placed another eighteen (18) telemarketing calls using prerecorded voice messages to Plaintiff's Cell Phone.

42. To date, Defendant placed at least one hundred and nine (109) telemarketing calls using prerecorded voice messages to Plaintiff's Cell Phone, including the thirty-seven (37) calls that were placed after Plaintiff's cease-and-desist letter.

43. Additionally, because Plaintiff was living in Thailand at the time Defendant placed its calls, Plaintiff often received the calls between the hours of 9:00 P.M. and 8:00 A.M., which disrupted Plaintiff's sleep and interfered with his livelihood. Indeed, in August alone, at least five of these calls occurred between 1:00 a.m. and 3:00 a.m.



KAZEROUNI LAW GROUP, APC

44. Through this conduct, Defendant violated 47 C.F.R. § 64.1200(c), which prohibits the placing of any telephonic solicitation to a residential telephone subscriber between the hours of 9:00 P.M. and 8:00 A.M. (local time at the called party's location).

45. Due to the impersonal, generic, and similar nature of Defendant's voice messages, these messages were likely prerecorded and used by Defendant to advertise its services to many individuals simultaneously.

46. Defendant made these calls to promote and sell its goods and services, as the voicemail messages referenced Defendant's commercial loans and directed Plaintiff to call various phone numbers in order to proceed with securing a loan.

47. Upon information and belief, Defendant does not adhere to a valid internal Do Not Call Policy and does not take adequate steps to ensure that any entities making the calls on its behalf adhere to an internal Do Not Call policy.

48. Similarly, Defendant does not abide by the law governing phone numbers listed on the National Do Not Call Registry.

49. Defendant failed to institute policies as required by the TCPA prior to initiating telephone solicitations. Alternatively, to the extent that Defendant has implemented such policies, it does not adhere to them.

50. Plaintiff is informed and believes that these calls were made by Defendant or on Defendant's behalf by Defendant's agent, with Defendant's permission, knowledge, control and for Defendant's benefit.

51. Through Defendant's conduct, Plaintiff suffered an invasion of privacy as protected by the TCPA.

52. Defendant invaded Plaintiff's privacy and forced him to live without the full utility of his Cell Phone by occupying it with one or more unwanted calls and/or voice messages, consuming its storage, and by creating nuisance and lost time.

53. The telephone number Defendant or its agents called was assigned to a cellular telephone service for which Plaintiff incurs a charge pursuant to 47 U.S.C. §



KAZEROUNI LAW GROUP, APC

227(b)(1)(A)(iii).

54. The phone calls to Plaintiff were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

55. Plaintiff did not have a business relationship with Defendant at any point in time.

56. By leaving prerecorded messages on Plaintiff's phone to advertise its commercial loans, Defendant violated 47 U.S.C. § 227(b)(1)(A).

57. Upon information and belief, Defendant failed to establish and implement reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under 47 U.S.C. § 227(c)(5), including the do-not call provisions in 47 C.F.R. § 64.1200(c)-(d).

58. Each of the above unsolicited telephonic communications by Defendant and/or its agents violated 47 U.S.C. § 227(c)(5), including the national and internal do-not call provisions in 47 C.F.R. § 64.1200(c)-(d).

59. Defendant's failure to record and honor Plaintiff's numerous requests, including his cease-and-desist letter, evidence Defendant's failure to implement proper procedures prior to the initiation of the telephone solicitations at issue.

60. Even assuming Defendant had policies in place prior to the initiation of the telephone solicitations at issue, the repeated failures to adhere to that policy demonstrated a lack of compliance.

61. Because Plaintiff is alerted when a call or voicemail message is made to his cellular telephone, the unsolicited telephone solicitations that Defendant transmitted to Plaintiff's phone invaded Plaintiff's privacy, was a nuisance, and distracted and aggravated Plaintiff upon receipt.

62. Plaintiff was personally affected because Plaintiff was frustrated, distressed, disturbed, and felt harassed because Defendant and/or its agents continued to send unsolicited and unauthorized telemarketing phone call solicitations to Plaintiff's Cell Phone, without Plaintiff's consent, and after Plaintiff had expressly

KAZEROUNI LAW GROUP, APC

revoked any prior-existing consent to receive such calls.

63. Defendant's conduct constituted multiple violations of the TCPA.

## FIRST CAUSE OF ACTION

## NEGLIGENT AND WILLFUL VIOLATIONS OF THE TCPA

## 47 U.S.C. § 227, *ET SEQ*.

64. Plaintiff repeats and incorporates by reference the allegations set forth above as though fully stated herein.

65. The forgoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq*. and 47 C.F.R. § 64.1200.

66. These violations include incessant calls using an artificial and/or prerecorded voice to Plaintiff's Cell Phone, without any prior express consent in violation of 47 U.S.C. § 227(b).

67. Additionally, Defendant made two or more telemarketing calls in any given year to Plaintiff's phone number which is registered with the National Do-Not-Call registry in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c).

68. Further, Defendant placed telemarketing calls on Plaintiff's Cell Phone between the hours of 9:00 P.M. and 8:00 A.M. in violation of 47 C.F.R. § 64.1200(c).

69. Finally, Defendant failed to maintain procedures necessary to adhere to an internal Do-Not-Call list in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d).

70. Defendant knew or should have known that Plaintiff's number was registered on the National Do-Not-Call registry because it had been registered since August 9, 2025. Defendant also had actual knowledge of Plaintiff's desire not to receive future calls. Defendant's violations were therefore willful or knowing.

71. As a result of Defendant's knowing and/or willful violations of the TCPA, Plaintiff is entitled to, and seeks, injunctive relief prohibiting such conduct



KAZEROUNI LAW GROUP, APC

violating the TCPA in the future.

72. As a result of Defendant's knowing and/or willful violations of the TCPA, Plaintiff is entitled to, and seeks, an award of $1,500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3) and 47 U.S.C. § 227 (c)(5).

73. Alternatively, Defendant's violations of the TCPA were negligent and Plaintiff is entitled to, and seeks, an award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(c)(5)(C).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for the following relief:

- A declaration that Defendant's practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227;
- An injunction prohibiting Defendant from calling Plaintiff without his prior express consent;
- An award of actual and statutory damages;
- Treble damages for willful violations; and
- Any other further relief that the court may deem just and proper.

## JURY DEMAND

74. Plaintiff is entitled to, and demands, a trial by jury on all issues so triable.

Dated: September 3, 2026

Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By: *s/ Ryan L. McBride*
Ryan L. McBride, Esq.
Jonathan Gil, Esq.
*Attorneys for Plaintiff*



KAZEROUNI LAW GROUP, APC